T.C. Summary Opinion 2015-43

UNITED STATES TAX COURT

JEFFREY S. GARDNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24607-14S L.                    Filed August 3, 2015.

Jeffrey S. Gardner, pro se.

<u>Jeremy D. Cameron</u>, for respondent.

SUMMARY OPINION

SWIFT, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  This matter is

before the Court on respondent's motion for summary judgment.  Respondent

contends petitioner is precluded herein from challenging his underlying 2009

Federal income tax liability because he failed to provide respondent any

documents or information regarding his 2009 Federal income tax liability as part

of his collection due process (CDP) administrative appeal.

Unless otherwise indicated, all section references are to the Internal

Revenue Code in effect at all relevant times, and all Rule references are to the Tax

Court Rules of Practice and Procedure.

Background

At the time of filing of his petition, petitioner resided in Pensacola, Florida.

On November 5, 2012, petitioner filed his 2009 Federal income tax return

on which he reported total income of $37,697, various deductions and credits, two

personal exemptions--one for himself and one for his son J.G.[1]--, withheld tax

payments of $826 and a $7 overpayment.

On his return petitioner also indicated that because of a divorce or a

separation from J.G.'s mother, his son J.G. did not live with him. Further,

petitioner did not attach to his return a form signed by J.G.'s mother authorizing

petitioner to claim J.G. as a dependent.

---

[1]The Court refers to minor children by their initials. See Rule 27(a)(3).

In processing petitioner's 2009 Federal income tax return respondent identified petitioner's error in claiming J.G. as a dependent and, because of petitioner's acknowledgment on the return that J.G. did not live with him, respondent treated the error as a math error.[2]  Respondent denied petitioner's claimed dependency exemption deduction for J.G., and respondent calculated petitioner owed additional tax of $670.99, which respondent on March 25, 2013, assessed against petitioner.  On March 25, 2013, respondent mailed to petitioner's last known address a notice and demand for payment of the $670.99.  Petitioner has not paid any of the additional $670.99 assessed against him.

On March 21, 2014, respondent sent petitioner by certified mail a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to the $670.99 assessed against petitioner plus interest and penalties.[3]

On April 21, 2014, petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he requested a CDP hearing and objected to respondent's attempt to collect by levy the $670.99 and related interest

---

[2]Included in the definition of a mathematical or clerical error in sec. 6213(g)(2)(C) is "an entry on a return of an item which is inconsistent with another entry of the same or another item on such return".

[3]The total amount reflected in the final notice of intent to levy was $737.29, reflecting the additional tax of $670.99, accrued interest of $22.03, and a late payment penalty of $44.27.

and penalties. Therein, petitioner challenged the amount of his underlying tax liability for 2009 by stating: "I am not liable for the taxes" and "Further time is needed to produce requested documentation which proves no deficiency of taxes as shown on filed tax return."

In a letter dated May 27, 2014, respondent acknowledged petitioner's request for a CDP hearing and asked petitioner to submit Federal income tax returns due for subsequent years, none of which petitioner had filed.

By letter dated June 6, 2014, the Internal Revenue Service Appeals Office explained to petitioner the CDP appeal process. Respondent's June 6 letter stated that the Appeals Office normally conducts CDP hearings by telephone or mail, that petitioner within 15 days should advise the Appeals Office if he would prefer to have a face-to-face hearing, and that petitioner should submit to the Appeals Office any new information or evidence relating to his 2009 Federal income tax liability.

Petitioner did not respond to respondent's June 6 letter, and petitioner did not provide any documents or information to respondent.

On July 7, 2014, an Appeals settlement officer (SO) mailed petitioner another letter scheduling a telephone conference hearing for August 12, 2014, at 10 a.m. CDT and asking petitioner to notify the SO whether he would prefer a

face-to-face hearing or a correspondence hearing. The July 7 letter again requested petitioner to provide the SO by July 28, 2014, an amended Federal income tax return for 2009 or other information reflecting what petitioner claimed to be his correct 2009 Federal income tax liability. Petitioner also was requested to provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, reflecting his current financial information and ability to pay his tax liability.

By July 28, 2014, petitioner had not responded to the SO's July 7, 2014, letter and had failed to submit to the SO an amended 2009 Federal income tax return or any other documentation or information relating to his 2009 tax liability.

On August 12, 2014, the scheduled date for the telephone hearing, petitioner failed to call the SO, and the SO mailed yet another letter to petitioner requesting petitioner to submit an amended 2009 Federal income tax return along with his unfiled Federal income tax returns for subsequent years. The SO gave petitioner until August 26, 2014, to respond.

By August 26, 2014, petitioner had not replied to the SO's August 12 letter and had not submitted any documentation or other information relating to his 2009 Federal income tax liability.

On September 16, 2014, the SO sent petitioner by certified mail a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330, sustaining the proposed levy and informing him of his right to file a petition with the Court within 30 days.

On October 14, 2014, petitioner submitted to the Court an informal petition challenging the notice of determination. In the petition, petitioner alleges he had an agreement with his ex-wife, the mother of his three children, under which he would be entitled to claim a dependency exemption deduction not for J.G. but for one of their other three children for 2009. Also on October 14, 2014, petitioner finally submitted to respondent an amended 2009 Federal income tax return on which he claimed an exemption for the other child as a dependent.

On February 17, 2015, respondent filed a motion for summary judgment contending that petitioner is precluded from challenging the amount of his underlying 2009 Federal income tax liability because as part of his CDP administrative appeal he failed to submit any documents or other information relating thereto. The Court ordered petitioner to respond to respondent's motion for summary judgment on or before March 20, 2015.

On March 20, 2015, petitioner filed a response to respondent's motion for summary judgment in which petitioner claims he never received respondent's July

7, 2014, letter notice of the August 12, 2014, scheduled CDP hearing, and that he did not understand that August 26, 2014, was the deadline for him to submit documents and information.

## Discussion

Summary judgment is used to expedite litigation and avoid unnecessary delay and expenses. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and when the Court may render a decision as a matter of law. Rule 121(b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of demonstrating that no genuine issues of material fact exist. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The facts are viewed in a light most favorable to the nonmoving party. Kroh v. Commissioner, 98 T.C. 383, 390 (1992). The nonmoving party must set forth specific facts to show a genuine dispute of material fact for trial. Rule 121(d).[4]

---

[4]Rule 121(d) provides, in pertinent part: "When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or declarations or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine dispute for trial."

Under section 6330(c)(2)(B) in a CDP hearing a taxpayer may challenge the amount of his or her underlying tax liability if the taxpayer did not previously receive a notice of deficiency or otherwise have a prior opportunity to challenge his or her tax liability.[5]  When a taxpayer's underlying tax liability is properly at issue, the Court decides the amount of the underlying tax liability de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

In Giamelli v. Commissioner, 129 T.C. 107, 113-115 (2007), we explained that an issue involving the taxpayer's underlying tax liability which is not addressed by the taxpayer during the CDP administrative hearing may not be raised before this Court.  Further, the regulations under section 6330(c)(2)(B) provide that an issue will not be subject to judicial review if a taxpayer simply raises the issue before Appeals but "fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity" to do so.  Sec.

---

[5]Sec. 6330(c)(2) provides in part as follows:

> (2) Issues at hearing.--

> \*      \*      \*      \*      \*      \*      \*

> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; <u>see also</u> <u>Churchill v. Commissioner</u>, T.C. Memo. 2011-182, slip op. at 13 ("As we held in <u>Giamelli</u>, it's not sensible for us to hold that the Appeals Office has abused its discretion in failing to consider information that it didn't have any way of knowing about.").

On respondent's motion for summary judgment the practical issue before us is whether petitioner should be precluded from submitting information relating to his entitlement to a claimed dependency exemption deduction for his other child because he failed to submit any evidence, documentation, or other information relating thereto during the CDP administrative appeal.

As stated, petitioner counters that he did not receive the SO's July 7, 2014, letter informing him of the scheduled CDP hearing and therefore that he did not have an opportunity to participate in the telephone hearing that was scheduled for August 12, 2014.

Even assuming petitioner did not receive the SO's July 7, 2014, letter, petitioner does not contest that during the pendency of his CDP administrative appeal he received a number of letters from the SO and had the opportunity to submit information challenging his underlying tax liability for 2009 (e.g., information about the child for whom he now claims entitlement to a dependency exemption deduction).

This case is similar to Pough v. Commissioner, 135 T.C. 344, 349-352 (2010), wherein an Appeals officer gave the taxpayer an opportunity to file amended tax returns for the years in question but the taxpayer failed to file any. The Court determined the taxpayer was precluded from challenging his underlying tax liabilities before the Court because he had failed to submit amended returns and because he had not properly challenged his tax liabilities as part of the administrative hearing. Id. at 349; see also Clark v. Commissioner, T.C. Memo. 2012-182.

The same reasoning applies in this case. Because petitioner failed to submit to the SO documents and information relating to his 2009 tax liability as part of his CDP administrative appeal after being given an opportunity to do so, petitioner is now precluded in this CDP case from challenging his 2009 Federal income tax liability (i.e. from claiming his right to a dependency exemption deduction).

Respondent has sufficiently established that summary judgment is warranted. Without any question of fact as to whether petitioner at the administrative hearing level had an opportunity to submit information challenging his 2009 tax liability, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

                                    <u>An appropriate order and decision</u>

<u>will be entered</u>.